[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant father moved to modify his visitation with his children. The father has been granted limited visitation to see his children in the past. There is no need to go into the events or facts that produced such a ruling. CT Page 9163
When this court ruled on May 15, 1992, on the father's motion for expanded visitation, the ruling as it appears in the script of the court clerk, Greg Cohan, is as follows:
 "As to minor child, Peter, no modification is ordered now. FRO is to conduct a study (see motion 124). F.R.O. is to select a psychiatrist for an independent exam. Dr. Philip Chapel's reports are to be turned over to the F.R.O. As to minor child, Jeremy, the defendant husband shall have visitation rights every other weekend on Saturday or Sunday from 1 — 5 P.M. Visitation shall be unsupervised. Maternal grandparents shall provide transportation."
On August 28, 1992, the court file contains the following entry in the script of court clerk, Greg Cohan:
 "Agreement: The father shall have visitation rights as specified in motion #117 with both children, rather than one child as previously specified. This order shall be subject to further modification."
The father now requests that visitation with his children be further modified. To support this request, the father produced the examining psychiatrist, Dr. Levis, to testify concerning his schedule of visitation that had been drafted apparently by his counsel. It appears to this court that on most of the questions the doctor answered, and some were very long answers, he put in a caveat that it should be discussed with the mother. In reading Dr. Levis' report dated August 26, 1992 of Peter Morrow, Jr., and the testimony he gave at the hearing, it is the court's opinion that any extended visitation with Peter should be commenced on a gradual basis. Accordingly, the court finds, taking into consideration Peter's mental background and makeup, that a step by step increase in visitation is in order; that a second step should not be now indicated until it has been shown that the first step proves to be working. The visitation is modified to allow the father to have unrestricted visitation with both children under Saturday's schedule, as it now exists, from 10:00 A.M. to 5:00 P.M. The Sunday schedule shall remain the same. This order is subject to further modification.
McGrath, J. CT Page 9164